# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YAZMIN GUTIERREZ | : |
| | : |
| Plaintiff, | : |
| | : Case No. 2:24-cv-09173 |
| v. | : |
| | : PROPOSED MOTION DATE: |
| LORENZO FOOD GROUP, INC., JOSEPH G. LORENZO, JOHN LORENZO, ELDER HERRERA, ELIZABETH LISSMAN, and MARIA VARGAS | : FEBRUARY 18, 2025 |
| | : |
| Defendants. | : |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Alexander Nemiroff (037961998)
**GORDON REES SCULLY MANSUKHANI, LLP**
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, Pennsylvania 19103
T: +267.602.2040
E: anemiroff@grsm.com

Date:   January 17, 2025

**TABLE OF CONTENTS**     <u>**PAGES**</u>

**I.   INTRODUCTION**..................................................................................................................1

**II.  FACTUAL BACKGROUND** ................................................................................................2

**III. LEGAL ARGUMENT** ..........................................................................................................5

    A.    Standard of Review for 12(b)(6) Motion to Dismiss ............................................................5

    B.    Plaintiff's NJLAD Claims (Counts One and Two) must be dismissed as to all of the individually named employees..................................................................................................6

    C.    Individual liability is not recognized under the ADA, the FMLA, and for Common Law Claims of Wrongful Termination ("*Pierce*" claims) ..................................................10

        1.    Plaintiff's ADA Claims (Counts Three and Four)......................................................10

        2.    Plaintiff's FMLA Claim (Count Five).........................................................................11

        3.    Plaintiff's Common Law Wrongful Termination/*Pierce* Claim (Count Six)........12

**IV.  CONCLUSION**....................................................................................................................13

## TABLE OF AUTHORITIES                      **PAGES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .............................................................................................5
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................................................5
*Butler v. City of Prairie Village*, 172 F.3d 736 (10th Cir. 1999) ..................................................12
*Cortes v. Univ. of Med. & Dentistry*, 391 F. Supp. 2d 298 (D.N.J. 2005) ......................................7
*Emerson v. Thiel Coll.*, 296 F.3d 184 (3d Cir. 2002)....................................................................12
*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) .............................................................5
*Galbraith v. Lenape Regional High School Dist.*, 964 F. Supp. 889 (D.N.J. 1997) ....................12
*Garcia v. S.U.N.Y. Health Sciences Ctr.*, 280 F.3d 98 (2d Cir. 2001) ..........................................12
*Gretzula v. Camden Cnty. Tech. Sch. Bd. of Educ.*, 965 F. Supp. 2d 478 (D.N.J. 2013) .............12
*Herring v. Ocean County Board of Social Services*, 2023 WL 6213216
  (D.N.J. Sept. 25, 2023) .............................................................................................................11
*Hewett v. Willingboro Board of Education*, 421 F.Supp.2d 814 (D.N.J. 2006)............................13
*Hurley v. Atlantic City Police Dep't*, 174 F.3d 95 (3d Cir. 1999) ..................................................6
*Illiano v. Wayne Bd. of Educ.*, No. 22-00114, 2022 WL 4596729 (D.N.J. Sept. 30, 2022) ..........14
*Ivan v. County of Middlesex*, 595 F. Supp. 2d 425 (D.N.J. 2009) ..................................................6
*Kennedy v. New Jersey Court System*, 2024 WL 4024232 (D.N.J. Aug. 30, 2024) .....................11
*Koslow v. Comm. of Pa.*, 302 F.3d 161 (3d Cir. 2002) .................................................................12
*Miller v. Goldcrest Properties, LLC*, No. 3:22-cv-04777, 2023 WL 4145628
  (D.N.J. June 23, 2023) ...................................................................................................8, 9, 10
*Myers v. Advanced Stores Co.*, Civ. No. 19–18183, 2020 WL 2744632
  (D.N.J. May 27, 2020) ..............................................................................................................14
*O'Lone v. New Jersey Dept. of Corrections*, 313 N.J. Super. 249 (N.J. App. Div. 1998).............15
*Phillips v. Ctr. for Vision Loss*, No. 15-563, 2017 WL 839465 (M.D. Pa. Mar. 3, 2017) .............11
*Pierce v. Ortho Pharmaceutical Corp.*, 417 A.2d 505 (N.J. 1980) ..............................................14
*Tarr v. Ciasulli*, 181 N.J. 70 (2004) ........................................................................................6, 10
*Tartaglia v. UBS PaineWebber Inc.*, 961 A.2d 1167 (N.J. 2008)..................................................14
*Tyson v. CIGNA Corp.*, 918 F. Supp. 836 (D.N.J. 1996) ................................................................7
*Woods-Pirozzi v. Nabisco Foods*, 290 N.J. Super. 252 (App. Div. 1996) ......................................8
*Zungoli v. UPS, Inc.*, Civil Action No. 07-2194, 2009 WL 1085440 (D.N.J. April 22, 2009)..........13

**Statutes**

29 U.S.C. § 2611(4)(A)(ii)(1) ........................................................................................................13
N.J.S.A. 10:5-12(a) ..........................................................................................................................7
*N.J.S.A.* 10:5-12(e) ..............................................................................................................6, 8, 10

**Rules**

Fed. R. Civ. P. 12(b)(6)....................................................................................................................5

**Treatises**

Restatement (Second) Torts § 876(b)..............................................................................................7

## I. INTRODUCTION

Plaintiff Yazmin Gutierrez ("Plaintiff") asserts six causes of action in the underlying Amended Complaint ("Am. Compl.") against Defendants Lorenzo Food Group, Inc. ("Lorenzo Food"), Joseph G. Lorenzo, John Lorenzo, Elder Herrera,[1] Elizabeth Lissman, and Maria Vargas (collectively "Defendants"). Notably, each count of Plaintiff's Amended Complaint is plead against both Lorenzo Food as a whole and each of the foregoing Defendants, both individually and collectively. The problem, of course, is that some of Plaintiff's counts do not provide for individual liability as a matter of law (Counts Three and Four – "ADA" Violations, Count Five – "FMLA" Violations, and Count Six – "Common Law Wrongful Termination"), and those that do lack specific detail as to how each individual defendant perpetrated the alleged conduct she complains of (Counts One and Two – "NJLAD" Violations).

For example, it is well established that individuals generally cannot be held liable under the NJLAD unless: (1) they are a supervisory employee who (2) willfully and knowingly "aided and abetted" an NJLAD violation. Of all of the individual Defendants named in the Amended Complaint, Defendant Herrera is the only individually named defendant sufficiently identified by Plaintiff as a "supervisor." In addition, while Plaintiff's Amended Complaint does use the terms "aiding and abetting," it is devoid of any facts demonstrating *how* any of the individually named Defendants performed a wrongful act, *were aware* of its illegality, and *knowingly and substantially assisted* the principal violator. Counts One and Two must therefore be dismissed as to all of the individual Defendants.

With respect to Plaintiff's ADA claims (Counts Three and Four), there is no individual liability under the ADA. For these reasons, Counts Three and Fourt must be dismissed as to all of

---

[1] Plaintiff incorrectly identified Elder Maldonado as Elder "Herrera" in her Complaint.

1

the individual Defendants.

As for Count Five, Plaintiff vaguely references both state and federal law, including the FMLA. There is, of course, no individual liability under the NJFLA, and while the FMLA does allow for individual liability, a plaintiff is once again obligated to allege facts that a "supervisor" exercised control over plaintiff's FMLA leave, which Plaintiff has not done here. Count Five should therefore be dismissed as to the individual Defendants.

Lastly, this Court has previously held that a common law/wrongful termination *Pierce* claim can only be brought against an employer, not individual employees, rendering Count Six deficient as a matter of law as to all of the individual Defendants.

For these reasons, each of the individually named Defendants should be dismissed as a matter of law.

## II.   FACTUAL BACKGROUND

Plaintiff commenced this action against Defendants by filing a Complaint on September 17, 2024. *See* Complaint ("Compl."), Doc. 1. Initially, Plaintiff asserted nine causes of action against the Defendants in her September 17, 2024 Complaint: unlawful discrimination and retaliation under New Jersey's Law Against Discrimination ("NLAD"); violations of the Americans with Disabilities Act ("ADA"); violations of the common law doctrine of retaliation, and wrongful termination; violations of Title VII of The Civil Rights Act, 42 U.S.C. § 1983 and the New Jersey Civil Rights Act; and violations of the Family and Medical Leave Act ("FMLA").

Pursuant to the Court's preferences, Defendants filed a letter requesting a pre-motion conference (Doc. 4) in anticipation of filing a motion to dismiss all of the individually named Defendants in Plaintiffs' initial Complaint. The Court convened a conference with the parties on November 19, 2024, during which time the Court raised questions about the sufficiency of Plaintiff's pleading. The Court nevertheless granted Plaintiff leave to file an Amended Complaint within 30

days to "avoid the necessity of motion practice at this stage." [Doc. 17]. In addition, the Court ordered the parties to meet and confer regarding Plaintiff's FMLA claims in advance of Plaintiff's deadline for filing an Amended Complaint.

On December 18, 2024—one day before Plaintiff's Amended Complaint was due—Plaintiff's counsel proposed a meet-and-confer to discuss the FMLA claims. When presented with questions as to how Plaintiff would be able to prove individual liability on not only Plaintiff's FMLA claim, but also the state and federal discrimination/retaliation claims, Plaintiff's counsel reiterated the same facts contained in Plaintiff's initial Complaint.

Plaintiff filed her Amended Complaint on December 19, 2024 (which was not perfected until December 23, 2024). [Doc. 18]. In her Amended Complaint, Plaintiff now alleges a total of six causes of action based upon the following: discrimination and retaliation in violation of the NJLAD; failure to accommodate and failure to engage in the interactive process under the ADA; violation of the FMLA; and violations of the common law doctrine of wrongful termination. In addition to Lorenzo Food, Counts One through Six of Plaintiff's Amended Complaint allege individual liability against each of the named Defendants.

Defendant Lorenzo Food is a family owned and operated national distributor of food services located in Englewood, New Jersey. Am. Compl. at ¶ 8. Defendants Joseph G. Lorenzo and John Lorenzo are the President and Vice President, respectively, of Lorenzo Food. *Id.* at ¶¶ 9-10. Plaintiff was hired by Lorenzo Food in or around August 2021 as a Production Line Worker. *Id.* at ¶ 14. She was supervised in that role by Defendant Elder Herrera and worked alongside Defendant Marcela Palacios—a fellow production line worker. *Id.* at ¶¶ 17-18. Plaintiff claims that Defendants Herrera and Palacios were in an intimate relationship, and that following an argument between Plaintiff and Defendant Palacios, Plaintiff Herrera began to harass her. *Id.* at ¶¶ 19-21. According to Plaintiff, she contacted Defendant Elizabeth Lissman, Director of Human Resources, and asked to be transferred

to a different production line, which said request was ultimately granted. *Id.* at ¶¶ 22-23.

Plaintiff's health allegedly began to decline in November 2022, prompting her to request FMLA leave. *Id.* at ¶ 25. More specifically, Plaintiff was diagnosed with Stage 3 breast cancer, and she allegedly alerted Defendant Lissman and Defendant Vargas of the same. *Id.* at ¶ 26. Plaintiff's FMLA leave was approved in January 2023 with no issue. *Id.* at ¶ 27. Plaintiff claims that upon her return to work on or about January 26, 2023, she requested to be placed on a different line, but that said request was denied by Defendant Lissman. *Id.* at ¶¶ 28, 32. According to Plaintiff, the fruit food line on which she was placed was problematic in light of her cancer diagnosis, specifically because she was working in freezing temperatures. *Id.* at ¶¶ 29-31.

Plaintiff then allegedly asked to be moved to the sandwich line as a reasonable accommodation but claims that her request was denied by Defendant Herrera because Defendant Palacios worked on that specific line. *Id.* at ¶¶ 33-34. Plaintiff claims that she "reported" Defendant Herrera's denial of her request to Defendant Maria Vargas, but that Defendant Vargas failed to do anything because "these were personal issues that she didn't want to be involved in." *Id.* at ¶¶ 35-36.

In April 2023, Plaintiff again contacted Defendant Lissman to request FMLA leave due to a scheduled mastectomy, which was approved without issue. *Id.* at ¶¶ 39-40. Plaintiff claims that she was cleared to return to work with a reasonable accommodation in May 2023, and that she was assured by Defendant Lissman that a position would be available. *Id.* at ¶¶ 43-44. Notwithstanding the foregoing, Plaintiff claims that she was informed by Defendant Lissman that Defendant Lorenzo Food "was not permitting [her] to return to work." *Id.* at ¶ 46. According to Plaintiff, Defendant Lissman advised her that Defendant Herrera "did not authorize Plaintiff's return to work." *Id.* at ¶ 48. As a result, Plaintiff claims that she was ultimately terminated effective May 26, 2023. *Id.* at ¶ 49.

Plaintiff summarily alleges that Lorenzo Food retaliated against her for complaining about the alleged disability discrimination she was enduring. *Id.* at ¶ 50. She likewise summarily alleges that

4

Defendants Lissman, Herrera, and Vargas aided and abetted the harassment and adverse employment action against her. *Id.* at ¶ 51. Lastly, Plaintiff summarily alleges that Defendants Joseph G. Lorenzo and John Lorenzo aided and abetted the discriminatory motives, statements, and actions of Defendants Lissman, Herrera, and Vargas with no other details or support. *See id.* at ¶ 52.

### III.    LEGAL ARGUMENT

#### A.    Standard of Review for 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes the filing of a motion to dismiss where the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide more than a formulaic recitation of a claim's elements that amount to mere labels and conclusions. *Id.*

Following *Iqbal*, the Third Circuit has adopted a two-part analysis for district courts to follow when presented with a motion to dismiss. "First, the factual and legal elements of a claim should be separated." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). While all well-pleaded facts must be accepted as true, the court may disregard any legal conclusions. *Id.* Second, the court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (citing *Iqbal*, 556 U.S. at 678). Thus, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.*

5

### B. Plaintiff's NJLAD Claims (Counts One and Two) must be dismissed as to all of the individually named employees

Under New Jersey's Law Against Discrimination ("LAD")—codified at *N.J.S.A.* § 10:5-1, *et seq.*—it is unlawful for an individual, "whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [the] act, or to attempt to do so." *N.J.S.A.* 10:5-12(e). Both the Third Circuit and New Jersey's Supreme Court agree that the standard for "aid" and "abet" under the LAD is based on the Restatement (Second) of Torts. *See Hurley v. Atlantic City Police Dep't*, 174 F.3d 95, 127 (3d Cir. 1999); *Tarr v. Ciasulli*, 181 N.J. 70, 84 (2004). This Court has likewise adopted the New Jersey Supreme Court's finding that for an employee to be liable as an aider and abettor under the LAD, "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation." *Ivan v. County of Middlesex*, 595 F. Supp. 2d 425, 462 (D.N.J. 2009) (quoting *Tarr*, 181 N.J. at 84 (internal citations omitted)).

"Whether a defendant has provided 'substantial assistance' depends on five factors detailed in the Restatements' comments: (1) the nature of the act encouraged; (2) the amount of assistance given by the **supervisor**; (3) whether the **supervisor** was present at the time of the asserted harassment; (4) the **supervisor's** relations to the others; and (5) the state of mind of the **supervisor**." *Ivan*, 595 F. Supp. 2d at 462 (citing Restatement (Second) Torts § 876(b), comment d) (emphasis added).

Notably, as the foregoing makes abundantly clear, individual liability for aiding and abetting under the LAD is **not extended to non-supervisory employees**. *See Tyson v. CIGNA Corp.*, 918 F. Supp. 836, 841 (D.N.J. 1996) (recognizing that in order to establish individual liability, "an employee must have 'sufficient authority' over plaintiff") (internal citations omitted). This Court wisely recognized in *Tyson* the following:

6

> The purpose of the NJLAD is to prevent employment discrimination. More specifically, it prohibits discrimination in (1) hiring, (2) firing, (3) compensation, and (4) the "terms, conditions or privileges of employment." N.J.S.A. 10:5-12(a). Only employers ***and supervisory employees*** acting within the scope of their employment have the power to hire, fire, set compensation, or alter the terms, conditions or privileges of employment. The goals of the NJLAD are therefore served by permitting suits against employers and ***against supervisory employees who affirmatively engage in impermissible conduct*** while acting in the scope of employment. Permitting suits against individual employees under other circumstances does little to advance the purposes of the statute and imposes an unacceptably large burden on the individual employees and the courts.

*Tyson*, 918 F. Supp. at 840 (emphasis added).

Similarly, while N.J.S.A. § 10:5-12(d) admittedly contains an anti-retaliation provision, the provision itself also "expressly contemplates direct liability for individual supervisory employees." *Cortes v. Univ. of Med. & Dentistry*, 391 F. Supp. 2d 298, 314 (D.N.J. 2005) (emphasis added); *see also Tyson, supra* (recognizing that in order to establish individual liability under the LAD, "an employee must have 'sufficient authority' over plaintiff") (internal citations omitted). To successfully plead reprisal under the LAD, a plaintiff must show: (1) they were engaged in a protected activity known to the defendant; (2) they were thereafter subjected to an adverse employment decision by the defendant; and (3) there was a causal link between the two. *Woods-Pirozzi v. Nabisco Foods*, 290 N.J. Super. 252 (App. Div. 1996).

Put simply, individual employees generally cannot be held liable under the NJLAD unless: (1) they are a supervisory employee who (2) willfully and knowingly "aided and abetted" an NJLAD violation. *See N.J.S.A.* § 10:5-12(e); *Miller v. Goldcrest Properties, LLC*, No. 3:22-cv-04777, 2023 WL 4145628 (D.N.J. June 23, 2023). In order to survive a motion to dismiss, a plaintiff must therefore plead sufficient facts to demonstrate knowing and substantial assistance in furthering a wrongful act under the statute. *Miller*, 2023 WL 4145628, at *3 (internal citations omitted).

As a preliminary matter, only one of the individually named Defendants in this matter—

7

Defendant Herrera—was affirmatively identified as Plaintiff's "supervisor" in her Complaint. Am. Compl. at ¶ 17. As to the other individual Defendants, while Plaintiff summarily claims they are "supervisors" in the general sense, Plaintiff's Amended Complaint is devoid of sufficient facts to suggest that they each respectively "ha[d] the power to hire, fire, set compensation, or alter the terms, conditions or privileges of [Plaintiff's] employment." *Tyson*, 918 F. Supp. at 840.

The mere fact, for example, that Plaintiff identified Defendants Joseph G. Lorenzo and John Lorenzo as the President and Vice President of Lorenzo Food, does not in and of itself mean that they are statutory supervisors under the NJLAD. While riddled with summary conclusions and generalities—including claims that Joseph and John Lorenzo were "the highest in command" and "the supervisors of all other named Defendants" (Am. Compl. at ¶ 67)—Plaintiff's Amended Complaint only goes so far as to "suppose" that both Joseph and John Lorenzo had direct control over her employment on a day-to-day basis.

The same goes for Defendants Lissman and Maria Vargas, both of whom Plaintiff claims were her direct Human Resources supervisors but for whom no additional facts were alleged to identify how they hold a supervisory role over Plaintiff or, more specifically, that they "ha[d] the power to hire, fire, set compensation, or alter the terms, conditions or privileges of [Plaintiff's] employment." *Tyson*, 918 F. Supp. at 840. Indeed, Plaintiff herself admitted in her Amended Complaint that Lissman told her that it was Defendant Herrera, and not Lissman herself, that "did not authorize Plaintiff's return to work." Am. Compl. ¶ 48. Similarly, Plaintiff alleged that it was Defendant Herrera that "refused [her] request to be moved to the sandwich line." Am. Compl. ¶ 34. Other than approve her requests for leave under the FMLA, Plaintiff has failed sufficiently demonstrate how either Defendants Lissman or Vargas were statutory supervisors under the NJLAD.

Notwithstanding the foregoing, even if this Court were to conclude that Plaintiff has alleged sufficient facts to demonstrate that any of the individually named Defendants possessed supervisory

8

authority over Plaintiff, Plaintiff has nevertheless failed to plead sufficient facts to demonstrate "aiding and abetting" on the part of any individually named Defendant. In her initial Complaint, the words "aiding" and "abetting" did not appear anywhere in the Complaint. This was the exact issue addressed in *Miller*, *supra*, 2023 WL 4145628, at *4, wherein the Court dismissed Plaintiff's NJLAD claims against all of the individually named defendants in that matter.[2] Plaintiff attempted to cure this deficiency in her Amended Complaint—after it was highlighted by Defendants in their October 14, 2024 letter requesting a pre-motion conference—by inserting the words "aiding" and "abetting" sporadically throughout her Amended Complaint. The problem, of course, is that a plaintiff must do more than summarily allege that an individual "aided and abetted" in violation of the NJLAD. A Plaintiff must ultimately plead sufficient facts to demonstrate supervisory authority, *along with* knowing and substantial assistance in furthering a wrongful act under the statute. *See N.J.S.A.* § 10:5-12(e); *Miller,* 2023 WL 4145628 at *4-5 (holding that individuals generally cannot be held liable under the NJLAD unless: (1) they are a supervisory employee who (2) willfully and knowingly "aided and abetted" an NJLAD violation.). The plaintiff in *Miller*—much like Plaintiff here—failed to "specifically allege how individual Defendants 'aided' or 'abetted' in any alleged NJLAD violations." *Id.* (citing *Tarr*, 181 N.J. at 83-84, 853 A.2d 921 (explaining "aiding and abetting" liability to require performance of wrongful act, awareness of illegality, and knowing and substantial assistance to principal violator)).

For example, while Plaintiff tasks Joseph and John Lorenzo with (1) failing to stop the allegedly discriminatory conduct she complains of; (2) failing to implement Lorenzo Foods' policies regarding harassment and discrimination; (3) failing to investigate Plaintiff's claims; (4) failing to discipline those engaged in allegedly wrongful conduct; and (5) acquiescing or condoning the same

---

[2] In *Miller*, the plaintiff did affirmatively plead that the individually named defendants possessed supervisory authority over the plaintiff. *Miller*, 2023 WL 4145628, at *4. The same cannot be said here.

behavior (Am. Compl. *Id.* at ¶ 68), Plaintiff never once alleges <u>*facts*</u> that demonstrate knowing and substantial assistance on the part of either Joseph or John Lorenzo—let alone that they even knew about the alleged issues plaguing Plaintiff in the first place.

And as to Defendants Herrera, Lissman, and Vargas Plaintiff's Amended Complaint not only lacks any detail identifying who among them was the "principal violator," it likewise fails to identify what wrongful act was performed or that any of the remaining individual defendants were aware of its illegality and, perhaps most notably, that they "knowingly and substantially assisted" the principal violator. *Tarr*, 181 N.J. at 83-84 (2004).

For these reasons, Counts One and Two of Plaintiff's Amended Complaint must be dismissed as to all of the individually name Defendants.

### C. Individual liability is not recognized under the ADA, the FMLA, and for Common Law Claims of Wrongful Termination ("*Pierce*" claims)

#### 1. Plaintiff's ADA Claims (Counts Three and Four)

Plaintiff's Amended Complaint raises ADA claims against the individual defendants. However, those claims should be dismissed because the ADA does not provide for individual liability. *Kennedy v. New Jersey Court System*, 2024 WL 4024232 at *4 (D.N.J. Aug. 30, 2024); *Herring v. Ocean County Board of Social Services*, 2023 WL 6213216 at **3-4 (D.N.J. Sept. 25, 2023).

"The general consensus among courts within the Third Circuit is that individual supervisors cannot be held liable under the ADA." *Herring*, 2023 WL 6123216 at *3 (citing *Phillips v. Ctr. for Vision Loss*, No. 15-563, 2017 WL 839465, at *18 (M.D. Pa. Mar. 3, 2017) ("the overwhelming majority of courts within the Third Circuit to have examined the issue have concluded that there is no individual liability under the ADA"); *Gretzula v. Camden Cnty. Tech. Sch. Bd. of Educ.*, 965 F. Supp. 2d 478, 487 (D.N.J. 2013) ("Title I of the ADA does not allow suit against individual defendants, regardless of the capacity in which the defendant is sued."); *Galbraith v. Lenape Regional High*

*School Dist.,* 964 F. Supp. 889, 897 n. 5 (D.N.J. 1997) (individual employees cannot be held liable under Title VII)). "Although the Third Circuit has not squarely addressed the issue, it has noted in dicta that 'there appears to be no individual liability for damages under Title I of the ADA.'" *Herring*, 2023 WL 6123216 at *3 (citing *Koslow v. Comm. of Pa.*, 302 F.3d 161, 178 (3d Cir. 2002)). "The Third Circuit has also cited with approval "decisions of other courts of appeals holding that individual are not liable under Titles I and II of the ADA." *Id*. (citing *Emerson v. Thiel Coll*., 296 F.3d 184, 189 (3d Cir. 2002) (per curiam) (citing *Garcia v. S.U.N.Y. Health Sciences Ctr*., 280 F.3d 98, 107 (2d Cir. 2001); *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999))..

Given this weight of authority, this Court should find that the individual defendants are not "covered entities" within the meaning of the ADA and therefore may not be held individually liable for violations of same. For these reasons, the Court must dismiss the ADA claims alleged at Counts Three and Four of Plaintiff's Amended Complaint as to all of the Individual Defendants.

### 2. Plaintiff's FMLA Claim (Count Five)

While the FMLA does allow for individual liability, a plaintiff is obligated to allege facts that a "supervisor" exercised control over plaintiff's FMLA leave. *Zungoli v. UPS, Inc.*, Civil Action No. 07-2194, 2009 WL 1085440, at *7 (D.N.J. April 22, 2009); *see also Hewett v. Willingboro Board of Education*, 421 F.Supp.2d 814, 817–818, n. 4 (D.N.J. 2006) (holding that individual employees can be liable for violations of the FMLA only if they are acting on behalf of the employer). The FMLA defines an "employer" as "any person who acts directly or indirectly in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(1).

Forgetting for a moment the fact that Plaintiff's two requests for FMLA leave were granted without issue, *see* Am. Compl. at ¶¶ 27, 40, as noted earlier herein, save for Defendant Herrera, Plaintiff has failed to allege—let alone plead facts to establish—that that any of the individual employees named in her Complaint were "supervisors" who exercised direct control over her FMLA

11

leave, and that they subsequently retaliated against her for utilizing the same. Plaintiff will likely argue that she cured her deficiency regarding her federal FMLA claims by alleging facts suggesting that Defendants Herrera, Lissman, and Vargas were "supervisors" that exercised control over Plaintiff's FMLA leave. *Zungoli*, 2009 WL 1085440, at \*7. Of course, merely stating that someone is a "supervisor" does not make it so. Plaintiff's Amended Complaint lacks facts—as opposed to buzz words and summary conclusions—demonstrating that any of the individual defendants were "supervisors" as contemplated under the statute.

For these reasons, Count Five of Plaintiff's Amended Complaint must be dismissed as to all of the individually named Defendants.

### 3. Plaintiff's Common Law Wrongful Termination/*Pierce* Claim (Count Six)

In *Pierce v. Ortho Pharmaceutical Corp.*, 417 A.2d 505 (N.J. 1980), the New Jersey Supreme Court explained that "an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy." *Pierce v. Ortho Pharmaceutical Corp.*, 417 A.2d 505, 512 (N.J. 1980). "To establish a case for common law wrongful discharge, the employee must identify the clear mandate of public policy and that the discharge itself was in violation of that public policy." *Myers v. Advanced Stores Co.*, Civ. No. 19–18183, 2020 WL 2744632, at \*6 (D.N.J. May 27, 2020) (citing *Tartaglia v. UBS PaineWebber Inc.*, 961 A.2d 1167, 1183 (N.J. 2008)).

That said, this Court has previously held that a *Pierce* claim can only be brought against an employer, not individual employees. *See Illiano v. Wayne Bd. of Educ.*, No. 22-00114, 2022 WL 4596729, at \*n.2 (D.N.J. Sept. 30, 2022) (citing *O'Lone v. New Jersey Dept. of Corrections*, 313 N.J. Super. 249, 256 (N.J. App. Div. 1998) (a *Pierce* cause of action is brought against the public entity and not the individual defendants.). For these reasons, Count Six of Plaintiff's Amended Complaint must be dismissed as to all of the individually named Defendants.

## IV. CONCLUSION

Despite having been giving an opportunity to cure a number of deficiencies in her initial Complaint, Plaintiff's Amended Complaint once again falls victim to the same issues. As a preliminary matter, Plaintiff's Amended Complaint is largely predicated on a number of summary conclusions with no allegations of fact demonstrating that individual liability is warranted. Moreover, as detailed at length herein, individual liability is also inappropriate as a matter of law. For these reasons, Defendants respectfully request that their motion to dismiss each of the individually named Defendants be granted in its entirety.

Dated: January 17, 2025                                             Respectfully submitted,

/s/ Alexander Nemiroff
Alexander Nemiroff (037961998)
GORDON REES
SCULLY MANSUKHANI, LLP
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, Pennsylvania 19103
T: +267.602.2040
E: anemiroff@grsm.com

*Attorneys for Defendants*