UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YAZMIN GUTIERREZ,<br><br>Plaintiff,<br><br>v.<br><br>LORENZO FOOD GROUP, INC., et al.<br><br>Defendants. | Civil Action No. 24-9173 (EP) (MAH)<br><br>OPINION |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Yazmin Gutierrez's ("Plaintiff") motion to file a Second Amended Complaint. Mot. to Amend, May 23, 2025, D.E. 39. Plaintiff seeks to add a claim under the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq*. Defendants Lorenzo Food Group, Inc. ("Lorenzo Food Group"), John Lorenzo, Joseph G. Lorenzo (together with John Lorenzo, the "Lorenzos"), Elder Herrera, Elizabeth Lissman, and Maria Doe (collectively, "Defendants") oppose the motion. Opp'n, June 23, 2025, D.E. 43. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court considers this motion without oral argument. For the reasons set forth below, Plaintiff's motion to amend is **denied**.

## II. BACKGROUND

On September 17, 2024, Plaintiff filed her Complaint against Defendants asserting nine causes of action. Compl., D.E. 1. On November 19, 2024, the Honorable Evelyn Padin held a pre-motion conference. Order, Nov. 20, 2024, D.E. 17. To avoid motion practice, Plaintiff agreed to file an Amended Complaint. *Id.* In the First Amended Complaint, Plaintiff alleged discrimination and retaliation in violation of the New Jersey Law Against Discrimination

("NJLAD"); failure to accommodate and engage in the interactive process under the Americans with Disability Act ("ADA"); violation of the Family and Medical Leave Act ("FMLA"); and common law wrongful termination. First Am. Compl., Dec. 20, 2024, D.E. 18.[1]

Plaintiff was a production line worker for Lorenzo Food, starting around August 2021. *Id.* ¶ 14. Defendant Elder Herrera supervised Plaintiff. *Id.* ¶ 17. Plaintiff claims that Herrera and a coworker, Defendant Marcela Palacios, were in a relationship. *Id.* ¶¶ 18-20. After a dispute between Plaintiff and Palacios, Herrera began harassing Plaintiff. *Id.* ¶ 21. According to Plaintiff, she contacted the Director of Human Resources Defendant Elizabeth Lissman and asked to be transferred to a different production line. *Id.* ¶ 22. Lissman transferred Plaintiff to the fruit food line. *Id.* ¶ 23.

In November 2022, Plaintiff's health began to decline. *Id.* ¶ 25. Plaintiff requested administrative leave to seek treatment. *Id.* Plaintiff was diagnosed with Stage 3 breast cancer. *Id.* ¶ 26. Plaintiff contacted Lissman and Defendant Maria Vargas to alert them of her diagnosis and request additional FMLA leave. *Id.* ¶¶ 26-27. When Plaintiff returned to work, Plaintiff requested to be placed on a different production line. *Id.* ¶ 28. Plaintiff claimed that it was difficult for her to work on the fruit food line because the fruit food line would require her to work in freezing temperatures. *Id.* ¶¶ 28-31. However, Lissman denied the request. *Id.* ¶ 32.

Plaintiff again requested to be moved to a different production line. *Id.* ¶ 33. However, Plaintiff alleged that Herrera refused to grant her request because Palacios worked on the line Plaintiff sought. *Id.* ¶ 34. Plaintiff reported the refusal to Vargas, but according to Plaintiff, Vargas

---

[1] On January 17, 2025, Defendants filed their motion to dismiss Plaintiff's Amended Complaint. Mot. to Dismiss, D.E. 25. The motion is fully briefed and pending before the Court.

took no action, and she told Plaintiff that she did not want to be involved in personal issues between Plaintiff, Herrera, and Palacios. *See id.* ¶¶ 34-36.

In April 2023, Plaintiff requested additional FMLA leave for a mastectomy and to recover from the surgery. *Id.* ¶ 39. The Human Resources Department for Lorenzo Food Group approved the request. *Id.* ¶ 40. According to Plaintiff, she was cleared to return to work with a reasonable accommodation in May 2023. *Id.* ¶¶ 43-45. Plaintiff contends that Lissman assured her that there would be a position for Plaintiff upon her return. *Id.* ¶ 45. However, Plaintiff alleges that on May 26, 2023, Lissman informed her that Lorenzo Food Group would not permit Plaintiff to return to work. *Id.* ¶ 46. As a result, Plaintiff claims that she was terminated effective May 26, 2023. *Id.* at ¶ 49.

Plaintiff thus alleges that Lorenzo Food retaliated against her for her complaints about the alleged disability discrimination she was facing. *Id.* ¶ 50. Further, Defendants Lissman, Herrera, and Vargas aided and abetted the harassment and adverse employment action. *Id.* ¶ 51. Finally, the Lorenzos aided and abetted the discriminatory motives, statements, and actions of the other Defendants. *Id.* ¶ 52.

On April 1, 2025, the Court held a scheduling conference and then issued a Pretrial Scheduling Order. Pretrial Scheduling Order, D.E. 35. The deadline to amend the pleadings is September 15, 2025. *Id.* at ¶ 12. During the scheduling conference, Plaintiff represented that there was a recent discovery and potential need to amend her pleading. *See* Pl.'s Letter, Apr. 28, 2025, D.E. 36; Defs.' Letter, Apr. 29, 2025, D.E. 37. Plaintiff thereafter requested leave to file a Second Amended Complaint, which Defendants opposed. *See* Pl.'s Letter, Apr. 28, 2025, D.E. 36; Defs.' Letter, Apr. 29, 2025, D.E. 37. The Court thereafter set forth a briefing schedule. Order, May 6, 2025, D.E. 38.

Plaintiff contends that she recently discovered that Herrera operated a third-party staffing company that provided staffing solely for Lorenzo Food Group. Br. in Supp. of Mot. for Leave to File Second Am. Compl., May 23, 2025, D.E. 39-1, at 5. According to Plaintiff, Herrera was recently terminated from his position. *Id.* Plaintiff contends that Herrera was unlawfully retaining portions of employees' paychecks. *Id.* Plaintiff further contends that Lorenzo Food Group and the Lorenzos were aware of this conduct and failed to remediate the wrongdoing. *Id.* Thus, Plaintiff "now has reason to believe that Plaintiff may have also been a victim of this alleged misconduct." *Id.* Thus, Plaintiff seeks to add a cause of action under the New Jersey Wage Payment Law against Defendants Herrera, Lorenzo Food Group, and the Lorenzos. *Id.* at 5-6.

In opposition, Defendants argue Plaintiff's proposed amendment is futile and fails to demonstrate (1) that Plaintiff herself suffered wage theft; (2) how Defendants Herrera, Lorenzo Food Group, or the Lorenzos participated in the alleged misconduct; and (3) any actual connection to Herrera's alleged third-party staffing company. Opp'n, June 23, 2025, D.E. 43, at 10. Further, Defendants assert that the only evidence Plaintiff offers is a redacted affidavit from a former employee stating that Lorenzo Food Group terminated Herrera for the alleged misconduct. *Id.* at 11. Thus, in Defendants' view, Plaintiff's allegations are purely speculative and insufficiently pled. *Id.* Finally, Defendants contend that allowing this amendment would change the course of this litigation and highly prejudice Defendants. *Id.* at 15. Therefore, Defendants argue that any claims predicated on Herrera's operation of a third-party staffing company should be brought in a separate litigation. *Id.* at 15.

In reply, Plaintiff asserts her amendments are not futile because no discovery has been conducted and no motions have been decided on Plaintiff's First Amended Complaint. Reply,

4

June 30, 2025, D.E. 45, at 9.  Further, there would be no effect on Defendants and how they present their defenses because Plaintiff has already asserted six other causes of action.  *Id.* at 8.

### III. ANALYSIS

Pursuant to Rule 15(a)(2), a plaintiff may amend his or her complaint "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Court may deny a motion to amend the pleadings where there is:  (1) undue delay; (2) bad faith or dilatory motive; (3) unfair prejudice; (4) repeated failures to cure deficiencies; or (5) futility of amendment.  *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  "The ultimate decision to grant or deny leave to amend is a matter committed to the court's sound discretion."  *Rosenzweig v. Transworld Sys., Inc.*, No. 16-227, 2016 WL 5106995, at *2 (D.N.J. Sept. 20, 2016).  Defendants argue that Plaintiff's proposed amendments would be futile and, if permitted, would result in undue prejudice to Defendants.  Opp'n, D.E. 43, at 10-11, 15-16.  The Court concludes that Plaintiff's proposed amendments fail to satisfy Rule 15(a), and therefore denies Plaintiff's request.

#### A. Futility of the Amendment

When assessing futility, courts traditionally evaluate whether the proposed amendment would survive the legal standard of a 12(b)(6) motion.  *Napolitano v. Corbishley,* No. 20-12712, 2021 WL 3486901, at *2 (D.N.J. Aug. 9, 2021).  If the amendment "fails to state a claim upon which relief could be granted," then it is futile and vulnerable to dismissal.  *Shane v. Fauver,* 213 F.3d 113, 115 (3d. Cir. 2000); *see Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (explaining that a complaint survives dismissal only when it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (noting that a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"); *see also Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468

(D.N.J. 1990) ("'Futility' of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue.").

To determine if the amendment satisfies the Rule 12(b)(6) standard, courts must conduct a two-part analysis. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d. Cir. 2009). First, courts separate the factual elements from the legal elements of a claim. *Id*. Well-pleaded facts must be accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11; *see Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009) ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."). All inferences from the alleged facts are viewed in the plaintiff's favor. *Phillips v. County of Allegheny,* 515 F.3d 224, 228 (3d. Cir. 2008) (citing *Worldcom, Inc. v. Graphnet, Inc.,* 343 F.3d 651, 653 (3d. Cir. 2003)). If "a complaint fails to state a claim, the [c]ourt must give [the] plaintiff the opportunity to amend her complaint, unless amendment would be futile." *Phillips,* 515 F.3d at 228 (citing *Shane,* 213 F.3d at 116).

Second, courts determine whether the alleged facts state a "plausible claim for relief." *Iqbal,* 556 U.S. at 677. This plausibility standard requires more than a sheer possibility of misconduct by the defendant; the complaint must cross the threshold from possible to plausible. Plausible claims exist when the court may reasonably infer from the complaint that the pleader is entitled to relief. In other words, the court "draw[s] on its judicial experience and common sense" to determine whether the claim is plausible on its face. *Id.* at 679; *Twombly,* 550 U.S. at 570.

The New Jersey Wage Payment Law establishes a private cause of action for an employer's failure to pay wages to an employee. *Mahanor v. Berkley Life Scis*., No. 21-18981, 2022 WL 2541773, at *16 (D.N.J. July 7, 2022) (citing N.J.S.A. 34:11-4.3; *Kaplan v. Greenpoint Glob.,* 2014 WL 4793024, at *8 (D.N.J. Sept. 24, 2014)). "Wages" are defined as "the direct monetary compensation for labor or services rendered by an employee, where the amount is determined on

a time, task, piece, or commission basis excluding any form of supplementary incentives and bonuses which are calculated independently of regular wages and paid in addition thereto." N.J.S.A. 34:11-4.1. "No employer may withhold or divert any portion of an employee's wages unless: (a) The employer is required or empowered to do so by New Jersey or United States law; or" such deduction falls within one of the eleven exemptions specified in N.J.S.A. § 34:11-4.4. *See also Sands v. Bd. of Rev., Dep't of Lab. & Workforce Dev.*, No. 0413-22, 2024 WL 1477415, at *3 (App. Div. Apr. 5, 2024). The statute explicitly permits an action for an employer's failure "to pay the full amount of wages." N.J.S.A. 34:11-4.10(c).

Here, Plaintiff's proposed amendment fails to sufficiently plead a claim upon which relief can be granted under the New Jersey Wage Payment Law. *See Bornstein v. County of Monmouth,* No. 11-5336, 2015 WL 2125701 (D.N.J. May 6, 2015) (quoting *Iqbal,* 556 U.S. 662, 679 (2009)) ("A 'plausible claim for relief' means more than a showing of a mere possibility of misconduct;' it requires well-pleaded facts that would allow a court to reasonably infer 'that the defendant is liable for the misconduct alleged.'"). Even accepting Plaintiff's allegations as true, *i.e.*, Herrera deducted employee paychecks at Lorenzo Food Group, Plaintiff still fails to plead that any portion of her wages were ever withheld or deducted.

Plaintiff contends that Herrera was unlawfully retaining portions of employees' paychecks. Br. in Supp. of Mot. for Leave to File Second Am. Compl., May 23, 2025, D.E. 39-1, at 5. Plaintiff vaguely asserts that she "now has reason to believe that [she] may have also been a victim of this alleged misconduct." *Id.* Indeed, in Plaintiff's proposed amended complaint she states she "may have also been undercompensated for hours she actually worked and for which she was entitled to be paid." Proposed Second Am. Compl., D.E. 41, ¶ 64. Plaintiff provides a redacted affidavit to support her claim. The affidavit states only that "Mr. Herrera was recently terminated from

7

Lorenzo Food Group for unlawfully deducting from employee paychecks at Lorenzo Food Group and paying them less than what they were rightfully owed." D.E. 39-1, Ex. A, ¶ 6. Plaintiff has not actually connected the allegation that Herrera was deducting from employee paychecks to herself or her wages. Plaintiff has not provided any facts to support that her wages were deducted or otherwise withheld. Without those facts, Plaintiff's claim is no more than mere speculation that Herrera, and in turn Defendants, withheld her wages. *See Santiago,* 629 F.3d at 133 ("'[P]ossibility' is no longer the touchstone for pleading sufficiency after *Twombly* and *Iqbal*."); *see also Iqbal,* 556 U.S. at 679 ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'").

Because Plaintiff fails to plead facts that plausibly support her claim that Herrera, and in turn, Defendants, withheld or reduced her wages, the Court finds Plaintiff fails to satisfy Rule 12(b)(6). *See Santiago v. Warminster Tp.,* 629 F.3d 121, 133 (3d. Cir. 2010) (finding that Plaintiff's "allegations may 'get the complaint close to stating a claim, but without further factual enhancement [they] stop[] short of the line between possibility and plausibility of entitlement to relief."); *see also Twombly,* 550 U.S. at 557 (explaining that pleading only "facts that are merely consistent with a defendant's liability is insufficient"). Accordingly, the Court finds that Plaintiff fails to state a claim under the New Jersey Wage Payment Law. Therefore, Plaintiff's proposed claim is futile and fails to satisfy Rule 15(a).

### B. Prejudice to Defendants

While the Court need not reach prejudice, the Court nonetheless considers the prejudice that would occur if it were to permit Plaintiff's proposed amendment.

As to undue prejudice, Defendants argue that adding a new theory of liability based on alleged wage theft would expand the scope of discovery and delay resolution of Plaintiff's current claims. Opp'n, D.E. 43, at 10. Moreover, the current claims and proposed wage theft claim are unrelated, therefore, the amendments would be better pursued in a separate litigation. *Id.* at 11-12. The Court agrees. As the Third Circuit has made clear, a motion for leave to amend may be denied when, as here, "allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). That is certainly the case here. Plaintiff's current pleading concerns Defendants' alleged retaliation and discriminatory conduct. Plaintiff's proposed amendments would add an entirely separate legal theory premised upon different underlying facts. Defendants would likely need significant third-party discovery to assess the extent of Herrera's alleged wage theft to other employees and the third-party staffing agency. And assuming arguendo that Herrera stole Plaintiff's wages, the parties would require discovery on that subject. In short, Defendants would need to defend an entirely new action than what is currently pled. This prospect is especially concerning considering Plaintiff's proposed amendment is premised upon speculation and inference.

The Court thus concludes that Plaintiff's proposed amendment would cause Defendants to suffer "substantial and undue prejudice." *Id.*; *see also Akegnan v. Trinity Fin. Servs., LLC*, No. 20-15761, 2022 WL 3369655, at *4 (D.N.J. Aug. 16, 2022) (denying motion to amend because, in part, the amendment "would substantially alter the scope of" the case); *Brown v. Lancaster*, No. 14-117, 2014 WL 1315996, at *1 (W.D. Pa. Apr. 1, 2014) ("[T]o the extent that Plaintiff would identify unrelated theories of injury or harm, the proper course is not amendment, but rather, the filing of a new lawsuit."); *Boyer v. May*, No. 22-34, WL 1637396, at *1-2 (D. Del.

Apr. 15, 2024) (denying motion to amend "based on allegations generally unrelated to" the action and noting the plaintiff could bring the claims in a separate action).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend is denied with prejudice. An appropriate Order accompanies this Opinion.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

**DATED: July 9, 2025**