<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YAZMIN GUTIERREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>LORENZO FOOD GROUP, INC. *et al.*,<br><br>    Defendants. | No. 24cv9173 (EP) (MAH)<br><br>**ORDER** |

Plaintiff Yazmin Gutierrez brings federal and state law claims against Defendants John Lorenzo, Joseph G. Lorenzo, Elder Herrera, Elizabesth Lissman, and Maria Vargas (collectively, the "Individual Defendants"), as well as Defendant Lorenzo Food Group, Inc. ("Lorenzo Food Group") (collectively, "Defendants"). D.E. 21 ("Amended Complaint").

Defendants move to dismiss the Amended Complaint against the Individual Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 25 ("Motion"). Plaintiff opposes Defendants' Motion. D.E. 30 ("Opposition"). Defendants then replied to Plaintiff's Opposition. D.E. 28 ("Reply").

Having reviewed the submissions and all other relevant items on the docket, and having determined that oral argument is not needed,

**IT IS** on this **19th** day of August 2025, for the reasons set forth in the accompanying Opinion,

**ORDERED** that the Defendants' Motion, D.E. 25, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's NJLAD claims, Counts I and II, are **DISMISSED** *without prejudice* as to the Individual Defendants; and it is further

**ORDERED** that Plaintiff's ADA claims, Counts III and IV, are **DISMISSED** *with prejudice* as to the Individual Defendants; and it is further

**ORDERED** that Plaintiff's FMLA claim, Count V, is **DISMISSED** *without prejudice* as to the Individual Defendants; and it is further

**ORDERED** that Plaintiff's wrongful discharge/*Pierce* claim, Count VI, is **DISMISSED** *with prejudice* as to the Individual Defendants; and it is further

**ORDERED** that Mr. Mott shall file a letter on the docket, **within seven days of this Order**, with the below information:

1. Mr. Mott shall explain how each discrepancy referenced in the Court's Opinion became part of Plaintiff's Opposition, and who specifically was responsible for those citations;

2. Mr. Mott shall disclose whether he used generative artificial intelligence tools when drafting Plaintiff's Opposition, and if so, to what extent;

3. Mr. Mott shall disclose whether any other lawyers at his firm participated in the process of drafting or reviewing Plaintiff's Opposition, and if so, whether these attorneys: (1) used generative artificial intelligence tools; and/or (2) performed a cite check of the brief;

4. Mr. Mott shall explain whether he personally reviewed and/or supervised those attorneys' work product, and whether he performed a cite check of the brief before signing and filing the brief;

5. Mr. Mott shall indicate whether he investigated these issues after Defendants' Counsel first raised them in their Reply brief, filed in February 2025, and if he

       did not, explain why he took no immediate steps to withdraw or correct his filing;

6. Mr. Mott shall explain why the Court should not impose sanctions and make a referral to the relevant bar authorities (for violations of Federal Rule of Civil Procedure Rule 11 and/or New Jersey Rule of Professional Conduct 3.3(a)) concerning the fabricated quotation and misleading citations in his filing;

7. Mr. Mott may provide the Court with any additional context he deems necessary to supplement the above; and

8. Mr. Mott's letter, and any attachments thereto, <u>must</u> comply with Local Civil Rule 1(h), which requires that all PDF filings be text searchable and at a minimum 400 dpi; and it is finally

**ORDERED** that Defendants shall clarify whether they seek to file a motion for sanctions as they intimate in their Reply, *see* Reply at 2 n.1.

 

                                                                                                   Evelyn Padin, U.S.D.J.