<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YAZMIN GUTIERREZ, | |
| Plaintiff, | No. 24cv9173 (EP) (MAH) |
| v. | **MEMORANDUM ORDER** |
| LORENZO FOOD GROUP, INC., | |
| Defendant. | |

**PADIN, District Judge.**

In this action, Plaintiff Yazmin Gutierrez brings various federal and state law claims stemming from her alleged wrongful termination from Defendant Lorenzo Food Group, Inc. ("Lorenzo Food Group"). D.E. 18 ("Amended Complaint" or "Am. Compl."). Presently before the Court is Defendant's Motion for Sanctions and Disqualification of Plaintiff's Counsel, Mr. Geoffrey Mott. D.E. 59 ("Motion" or "Mot"). Defendant's Motion follows the Court's opinion and order which granted Defendants'[1] motion to dismiss the Amended Complaint as to individual defendants who worked at Lorenzo Food Group. D.Es. 48 ("MTD Opinion" or "MTD Op.") & 49 ("MTD Order").

In the MTD Opinion, the Court noted that like Defendants,[2] it could not verify several quotations and citations within Plaintiff's brief opposing Defendant's motion to dismiss, D.E. 26

---

[1] The Motion was brought both by Defendant as well as individuals employed at Defendant who Plaintiff brought this action against. *See* Mot. The Court granted the Motion as to those defendants. D.E. 49.

[2] Defendants first identified potentially inaccurate citations on February 10, 2025, in their brief in reply to their motion to dismiss. D.E. 28 ("MTD Reply") at 2 n.1.

("MTD Opposition" or "MTD Opp'n"). *See* MTD Op. at 4-5 n.6 & 16-21. In the MTD Order, the Court directed Mr. Mott, to, among other things:

1. Explain how each discrepancy referenced in the MTD Opinion became part of Plaintiff's MTD Opposition, and who specifically was responsible for those citations;

2. Disclose whether he used generative artificial intelligence tools when drafting the MTD Opposition, and if so, to what extent;

3. Disclose whether any other lawyers at his firm participated in the process of drafting or reviewing the MTD Opposition, and if so, whether these attorneys: (1) used generative artificial intelligence tools; and/or (2) performed a cite check of the brief;

4. Explain whether he personally reviewed and/or supervised those attorneys' work product, and whether he performed a cite check of the brief before signing and filing the brief;

5. Indicate whether he investigated these issues after Defendants' Counsel first raised them in their MTD Reply, filed in February 2025, and if he did not, explain why he took no immediate steps to withdraw or correct his filing;

6. Explain why the Court should not impose sanctions and make a referral to the relevant bar authorities (for violations of Federal Rule of Civil Procedure Rule 11 and/or New Jersey Rule of Professional Conduct 3.3(a)) concerning the fabricated quotation and misleading citations in his filing.

MTD Order at 2-3.

Since the MTD Order was issued, there have been several filings from Mr. Mott, Defense Counsel, and Ms. Ravit Hiers (a former associate of Mr. Mott's who assisted in drafting the MTD Opposition) that partially answer the Court's questions. *See* Dkt. However, these submissions contain contradicting assertions regarding who is ultimately responsible for adding the citations and quotations identified in the Court's MTD Opinion. Based on these submissions, the Court currently understands that:

- On January 24, 2025, Ms. Alyssa Berrent (Mr. Mott's certified paralegal) sent Ms. Hiers an email, and attached to that email was a draft of the brief that ultimately became Plaintiff's MTD Opposition. D.E. 57-1 ("Berrent Reply Affidavit" or "Berrent Reply Aff.") ¶¶ 2-3 (citing *id.*, Exs. A & B). Mr. Mott "thoroughly reviewed, and approved" this draft before Ms. Berrent sent it Ms. Hiers. D.E. 53-1 ¶ 19.
- On February 4, 2025—the date the MTD Opposition was due—Ms. Hiers and Ms. Berrent emailed about the brief. Berrent Reply Aff. ¶¶ 4-6.
    o At 6:53 PM, Ms. Hiers sent Ms. Berrent an email about revising the legal standards section of the brief to include a case from the Third Circuit (as opposed to a case from another circuit, which is not binding on this Court). *Id.* ¶ 4; *see also id.*, Ex. D. The email from Ms. Hiers to Ms. Berrent states that *Davis v. City of Philadelphia*, 821 F.3d 484 (3d Cir. 2016) is "a good starting point." *Id.*, Ex. D. The email does not state that *Davis* "should be included in the brief," as Ms. Berrent certifies it does. *Id.* ¶ 4; *id.*, Ex. D.

3

- At 7:11 PM, Ms. Hiers sent Ms. Berrent another email. *Id.* ¶ 5 (citing *id.*, Ex. E). Attached to that email was a revised draft of the brief. *Id.* Ms. Berrent certifies that the version of the brief attached Ms. Hiers' 7:11 PM email is Exhibit F of her Reply Affidavit. *Id.*

- At 7:26 PM, Ms. Berrent filed the brief on the docket after amending the brief's Table of Authorities to include the cases that Ms. Hiers added to the brief. *Id.* ¶ 6. Ms. Berrent certifies that the version of the brief filed on the docket is attached to her Reply Affidavit as Exhibit G, and a copy of the proof of filing is attached as Exhibit H. *Id.*

- According to CM/ECF, the MTD Opposition was filed at 7:26 PM, and it was electronically mailed to Defense Counsel (Alexander Nemiroff and David Hiester) as well as Mr. Mott (at gmott@geoffreymottlaw.com).

- On February 28, 2025, Defendants filed their MTD Reply. According to CM/ECF, it was electronically mailed to Defense Counsel (Alexander Nemiroff and David Hiester) as well as Mr. Mott (at gmott@geoffreymottlaw.com).

Ms. Hiers asserts that the above is an incomplete timeline of the drafting process of the MTD Opposition. *See* D.Es. 56 & 58. Namely, Ms. Hiers asserts that she and Ms. Berrent also discussed the brief on February 3, 2025. D.E. 58-1 ¶¶ 10-12. According to Ms. Hiers, she sent Ms. Berrent an email on February 3, 2025, which had a revised draft of the brief attached to it. *Id.* ¶ 11. Then, in the early evening of February 4, 2025, Ms. Berrent sent Ms. Hiers a further revised

draft of the brief for Ms. Hiers to review once more. *Id.* ¶¶ 23, 25. It was a revised version of *this* brief that Ms. Hiers sent to Ms. Berrent at 7:11 PM on February 4, 2025; and, it was in the draft of the brief that Ms. Berrent sent to Ms. Hiers in the early evening of February 4, 2025 that Ms. Berrent added the problematic citations. *Id.* ¶¶ 23, 25.

Ms. Hiers also asserts that Exhibit F of Ms. Berrent's Reply Affidavit is not the version of the MTD Opposition that was actually attached to her 7:11 PM email. *See id.* ¶¶ 15-17. Ms. Hiers supports this position by pointing out that her 7:11 PM email notes that she highlighted in yellow (in the attachment) cases in the legal standards section from the Second Circuit, yet Exhibit F (the purported attachment to her 7:11 PM email) has no highlights. *Id.* ¶ 16 (citing Berrent Reply Aff., Ex. D). Ms. Hiers believes that the production by Mr. Mott of: (1) her February 3, 2025 email to Ms. Berrent along with the version of the brief attached to that email; (2) Ms. Berrent's February 4, 2025 email to Ms. Hiers and the attached versions of the brief; and (3) the "actual" attachment (with the highlighted yellow section) to Ms. Hiers' February 4, 2025 email at 7:11 PM would prove the accuracy of her account. D.E. 58 at 2.[3]

Given that there are conflicting certifications, the Court is unable to determine from the papers alone when the inaccurate quotations and citations were added to the MTD Opposition, and in turn, cannot decide Defendant's Motion. Moreover, Ms. Hiers has asserted that Mr. Mott and Ms. Berrent have not provided the Court with all versions of the MTD Opposition, and the Court is unable to ascertain the veracity of that statement given the lack of a direct response from Mr. Mott and/or Ms. Berrent as to whether these materials exist. Accordingly, the Court will hold a

---

[3] In his opposition to the Motion, Mr. Mott states that the draft Ms. Hiers revised and returned to Ms. Berrent on February 3, 2025, the draft Ms. Berrent sent Ms. Hiers on February 4, 2025, and the complete timesheets for all relevant timekeepers were all submitted as exhibits to D.E. 57. D.E. 68 at 4. The Court cannot identify any of these materials in D.E. 57, nor in any other filing on the docket.

5

hearing where witnesses (presumably, Mr. Mott, Ms. Berrent, and Ms. Hiers) will testify regarding the drafting and filing of the MTD Opposition, including when the inaccurate and misleading quotations and citations were added to the draft. The Court will also order the production of certain information in advance of the hearing to flesh out the key disputes between the parties. Therefore,

**IT IS**, on this **21st** day of November 2025,

**ORDERED** that the Court will hold a hearing on **December 15, 2025, at 12:00 PM** in Newark - Courtroom 4C before Judge Evelyn Padin to address the factual disputes raised above (and in the relevant submissions); and it is further

**ORDERED** that Mr. Geoffrey Mott, Ms. Alyssa Berrent, and Ms. Ravit Hiers should be prepared to testify at the hearing; and it is further

**ORDERED** that because Ms. Hiers is not an attorney of record in this matter, the Court will **ORDER** her to appear; and it is further

**ORDERED** that by November 26, 2025, the parties shall provide the Court with a list of anticipated exhibits they intend to present at the hearing, and, in addition to the three named witnesses above, whether there are any other witnesses they believe should testify, and the basis for those additional witnesses testifying; and it is further

**ORDERED** that by **November 26, 2025**, Mr. Mott shall **PRODUCE**, to the extent they exist, (1) the email Ms. Hiers sent Ms. Berrent on February 3, 2025 regarding the MTD Opposition, as well as the attachment to that email; and (2) the email that Ms. Berrent sent back to Ms. Hiers on February 4, 2025, regarding the MTD Opposition, as well as the revised draft of the brief; and, if Mr. Mott's and Ms. Berrent's position is that these documents do not exist, Mr. Mott and Ms. Berrent must each specifically certify to that; and it is further

**ORDERED** that Mr. Mott shall **PRODUCE** all relevant timesheets for himself, Ms. Berrent, and Ms. Hiers regarding the drafting, revising, editing, reviewing, and/or submitting of the MTD Opposition; and it is further

**ORDERED** that, in order to determine whether the attachments that Mr. Mott and Ms. Berrent have provided the Court are the true and accurate copies of those documents, Mr. Mott shall **PRODUCE** metadata for the drafts of the MTD Oppositions that Ms. Hiers and Ms. Berrent sent via email from January 24, 2025, through February 4, 2025; and it is further

**ORDERED** that if there are other documents that Defense Counsel or Ms. Hiers believes are necessary to fully resolve the issues raised in the relevant submissions and which are in the possession of the Court, they may, by November 26, 2025, file a request for those documents with the Court; and it is finally

**ORDERED** that although the Court intends to ask the questions at the hearing, the parties should also be prepared to examine and cross-examine any witnesses.

_Evelyn Padin_
Evelyn Padin, U.S.D.J.