<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YAZMIN GUTIERREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>LORENZO FOOD GROUP, INC.,<br><br>    Defendant. | No. 24cv9173 (EP) (MAH)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiff Yazmin Gutierrez brings various federal and state law claims stemming from her alleged wrongful termination from Defendant Lorenzo Food Group, Inc.  D.E. 21 ("Amended Complaint").  Presently before the Court is Defendant's Motion for Sanctions and Disqualification of Plaintiff's Counsel, Mr. Geoffrey Mott.  D.E. 59 ("Motion" or "Mot.").[1]  Defendant's Motion follows an opinion and order from this Court which granted Defendants'[2] motion to dismiss the Amended Complaint as to the individual defendants employed at Lorenzo Food Group.  D.Es. 48 ("MTD Opinion" or "MTD Op.") & 49 ("MTD Order").

In the MTD Opinion, the Court noted that like Defendants, it could not verify several quotations and citations within Plaintiff's brief opposing Defendant's motion to dismiss,[3] D.E. 26 ("MTD Opposition").  *See* MTD Op. at 4-5 n.6 & 16-21.

---

[1] Plaintiff opposes the Motion.  D.E. 68 ("Opposition").  Defendant replies to Plaintiff's Opposition.  D.E. 70.

[2] The Motion was brought both by Defendant as well as individuals employed at Defendant who Plaintiff initially brought this action against as well.  *See* Mot.  The Court granted the Motion as to those individual defendants.  D.E. 49.

[3] Defendants first identified potentially inaccurate citations on February 10, 2025, in their reply brief to their motion to dismiss.  D.E. 28 ("MTD Reply") at 2 n.1.  As testimony at the April 1,

Therefore, the Court ordered Mr. Mott to provide certain information regarding the problematic quotations and citations in the MTD Opposition.[4] *See* MTD Order.  Unfortunately, this was the start of a months-long endeavor to get to the bottom of what was ostensibly a simple question:  who inserted the problematic quotations and citations into the MTD Opposition?  Given an irreconcilable conflict between affidavits filed by, on the one hand, Mr. Mott and his paralegal Ms. Alyssa Berrent and on the other hand Mr. Mott's former associate Ms. Ravit Hiers,[5] this Court had no choice but to hold a hearing at which the parties could testify regarding their conflicted accounts of the MTD Opposition drafting process.  D.E. 77.

Following multiple scheduling delays, the Court held a hearing on April 1, 2026 (herein, the "Hearing").  At the Hearing, Mr. Mott, Ms. Berrent, and Ms. Hiers testified.  Considering their testimony and the parties' previous submissions, the Undersigned determined that Mr. Mott violated multiple of New Jersey's Rules of Professional Conduct ("NJRPC"), including Rules 1.1

---

2026, hearing elucidated, no one from Mr. Mott's office reviewed the MTD Reply until after the Court issued its MTD Opinion and MTD Order.

[4] Initially, both Defendants and the Court were unsure whether Mr. Mott or anyone at his law firm used generative artificial intelligence ("GAI") in drafting the MTD Opposition.  That speculation was driven by the fact that Plaintiff's MTD Opposition contained real quotations attributed to the wrong cases.  After months of uncertainty, the Court has reached the conclusion that no party used GAI; instead, a person made the lamentable decision to attribute quotations to the wrong cases.

However, whether GAI was used in drafting the MTD Opposition is not central to this Court's decision because regardless of whether it was a person or a large language model that made these errors, the attorney responsible for filing the brief has an obligation to ensure that the arguments and contentions made within it are accurate and supported by existing law.  *See* Fed. R. Civ. P. 11(b).  Put simply, that did not happen here.

[5] Ms. Hiers is a non-party appearing in the action given Mr. Mott and Ms. Berrent both filed affidavits which initially blamed Ms. Hiers for the inaccurate citations. *See, e.g.*, D.E. 57, Affidavit of Geoffrey Mott (dated September 5, 2025) ¶¶ 6-7.  As explained below, these assertions were unfounded.

(Competence),[6] 5.1(a) (Responsibilities of Partners, Supervisory Lawyers, and Law Firms),[7] and 5.3(a) (Responsibilities Regarding Nonlawyer Assistance).[8]

It became clear at the Hearing that Mr. Mott failed to adequately supervise attorneys and non-attorneys at his law firm, and that the lack of oversight and procedures in place resulted in numerous errors in the MTD Opposition. At bottom, it appears that Ms. Berrent—a paralegal responsible for substantively drafting briefs, including the MTD Opposition—misinterpreted Ms. Hiers's guidance to cite to cases within the Third Circuit and made the regrettable decision to attribute quotations that were actually from cases outside the Third Circuit to cases within the Third Circuit. Ms. Berrent had accurately cited to these out-of-circuit cases in earlier drafts of the MTD Opposition, and seemingly swapped in the Third Circuit citations, making it appear as if the quotations came from those Third Circuit cases.[9] Testimony also revealed that no one at Mr.

---

[6] Under NJRPC 1.1, "a lawyer shall not: (a) Handle or neglect a matter entrusted to the lawyer in such manner that the lawyer's conduct constitutes gross negligence[; or] (b) Exhibit a pattern of negligence or neglect in the lawyer's handling of legal matters generally."

[7] Under NJRPC 5.1(a), "every law firm . . . authorized by the Court Rules to practice law in this jurisdiction shall make reasonable efforts to ensure that member lawyers or lawyers otherwise participating in the organization's work undertake measures giving reasonable assurance that all lawyers conform to the [NJRPC]."

[8] Under NJRPC 5.3(a), "with respect to a nonlawyer employed or retained by or associated with a lawyer . . . every lawyer, law firm or organization authorized by the Court Rules to practice law in this jurisdiction shall adopt and maintain reasonable efforts to ensure that the conduct of nonlawyers retained or employed by the lawyer, law firm or organization is compatible with the professional obligations of the lawyer."

[9] Ms. Berrent testified that she now knows it was an error to attribute quotations to the wrong cases.

Mott's firm cite checked or Sherpardized the MTD Opposition, which explains how no one noticed that Ms. Berrent also cited to several cases that have been bad law for decades.[10]

Moreover, it is now apparent that the earlier affidavits filed by Mr. Mott and Ms. Berrent were incomplete and inaccurate because the two conducted only a cursory review of the circumstances surrounding the filing of the MTD Opposition. It was not until the Court ordered Mr. Mott and Ms. Berrent to provide communications referenced by Ms. Hiers in her responsive affidavits that the two clarified that, contrary to their earlier representations, Ms. Hiers had not *herself* added the problematic citations into the brief or used GAI, but rather, instructed Ms. Berrent on a call to insert those cases into the MTD Opposition. D.E. 79-4, Affidavit of Alyssa Berrent (dated November 26, 2025) ¶¶ 12-13. However, the Hearing demonstrated the contention that Ms. Hiers instructed Ms. Berrent to explicitly substitute in these Third Circuit cases was unfounded. Instead, the situation appeared to boil down to a misunderstanding between an inexperienced paralegal and an overworked associate—in other words, Ms. Hiers directed Ms. Berrent to insert Third Circuit cases into the brief (because this Court is in the Third Circuit), and did not direct Ms. Berrent to misattribute quotations to the wrong cases.

Regardless, and as Mr. Mott eventually acknowledged after initially deflecting responsibility, it is his signature on the MTD Opposition, his name on the law firm's letterhead, and at the end of the day, the buck stops with him. Accordingly, Mr. Mott admitted that no matter

---

[10] To make matters worse, Mr. Mott conceded that he failed to review *any* draft of the MTD Opposition besides the initial draft that Ms. Berrent gave him. And, despite Mr. Mott's representations at the Hearing that he knows how to Sherpardize cases, he failed to catch any of the errors that both Defense Counsel and the Court identified, some of which existed in the version of the brief he reviewed. It is for this reason that the Court finds Mr. Mott's previous assertion that he "thoroughly reviewed" the brief drafted by Ms. Berrent to, at the very best, strain credulity. D.E. 53-1, Affidavit of Geoffrey Mott (dated August 26, 2025) ¶¶ 18-19.

how the errors ended up in the MTD Opposition, he was responsible for them.[11]  Mr. Mott also recognized that the errors in the MTD Opposition have forced the Court to devote significant judicial resources to resolving this situation and have required his adversary to spend meaningful time researching and responding to a flawed brief.  These errors, and the subsequent affidavits, have also caused Ms. Hiers to retain counsel, file numerous letters and affidavits on the docket in this action, and fly in to this District to attend the Hearing.

At the Hearing, having found that Mr. Mott violated NJRPCs 1.1, 5.1(a), and 5.3(a), the Court granted Defendant's Motion (to the extent it sought monetary sanctions).[12]  Nevertheless,

---

[11] While the Court recognizes that Mr. Mott has now somewhat accepted responsibility for the errors in the MTD Opposition, the Court would be remiss if it did not note that Mr. Mott was disappointingly slow to take any real ownership over these errors.  The Court might have avoided a hearing—and Mr. Mott might have avoided monetary sanctions—had he promptly conducted a thorough inquiry and provided the Court with a holistic and accurate representation of the facts the first time he was ordered to do so.  Instead, Mr. Mott chose to point the finger at another attorney and omit critical information from his affidavits (as did Ms. Berrent).  The Court understands, as Ms. Berrent stated at the Hearing, that her previous affidavits claiming that Ms. Hiers added several quotations to the working MTD Opposition draft was her "truth at the time." But this is no excuse for failing to immediately get to the bottom of this situation, especially given the Court did not order Mr. Mott to *surmise* how these errors ended up in the MTD Opposition. Worse, having failed to adequately resolve this mess, Mr. Mott and Ms. Berrent blamed a former colleague without iron-clad proof to back it up.

As noted at the Hearing, the Court is deeply troubled not only by the inaccurate citations within the MTD Opposition but also the manner in which Mr. Mott has gone about clarifying the record. Even at the Hearing, Mr. Mott attempted to explain why these errors were not his fault.  Thus, although Mr. Mott ultimately apologized and took responsibility for the MTD Opposition, it seems that he still does not fully appreciate that, as the owner of his law firm, he is responsible for every filing made, regardless of whether he assigns himself to a given case, and that he has a duty to this Court and his adversaries to adequately supervise his staff.

[12] Mr. Mott has also violated Federal Rule of Civil Procedure 11(b)(2), which requires an attorney presenting a filing to the Court to "certify[y] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that "the claims, defenses, and other legal contentions [in the filing] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

because Plaintiff wished for Mr. Mott to remain her attorney, and, seeking to give deference to Plaintiff's choice of counsel, the Court denied Defendant's Motion to the extent it sought disqualification of Mr. Mott.  In addition, the Court declined to impose sanctions on Ms. Hiers, whose testimony and affidavits were internally consistent and reflective of the fact she did not use GAI or instruct Ms. Berrent to misattribute quotations to the wrong cases.[13]

After considering Defendant's Motion and the myriad other filings on the docket concerning the MTD Opposition and the errors therein, and having held a Hearing at which Mr. Mott, Ms. Berrent, and Ms. Hiers testified, and having considered that testimony, and for the reasons articulated on the record at the Hearing,

**IT IS**, on this 2nd day of April, 2026,

**ORDERED** that the Defendant's Motion, D.E. 59, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Defendant's Motion is **GRANTED** to the extent it seeks monetary sanctions to be imposed on Mr. Mott; and, in furtherance of that sanction, Defense Counsel **SHALL** submit a certification of its fees in drafting the MTD Reply within **7 days** of this Order;[14] and it is further

**ORDERED** that Defendant's Motion is **DENIED** to the extent it seeks disqualification of Mr. Mott from this case; and it is further

---

[13] Nevertheless, and as Ms. Hiers herself acknowledged, she failed to catch the errors in the MTD Opposition.  Thus while the Court does not impose sanctions, it notes that Ms. Hiers certainly could have conducted a more thorough review of the MTD Opposition or taken the time to confirm whether any other attorney was reviewing the substantive briefing done by a paralegal.

[14] As noted at the Hearing, Defense Counsel may request an extension of this deadline should it need one.

**ORDERED** that the stay in this action, D.E. 82, is **LIFTED**; and it is further

**ORDERED** that the parties shall promptly re-commence discovery and provide a joint status update to the Court within **30 days** of this Order; and it is further

**ORDERED** that, in addition to a monetary sanction in an amount to be determined following Defense Counsel's forthcoming certification, Mr. Mott **SHALL** complete two continuing legal education ("CLE") courses:  one on the use of artificial intelligence in the legal field,[15] and one on attorney ethics;[16] and it is further

**ORDERED** that Mr. Mott shall complete said CLE courses within **90 days** of this Order, and shall provide the Court with proof of same; and it is finally

**ORDERED** that Ms. Hiers's request for attorney's fees is **DENIED**.

**/s/ Evelyn Padin**

Evelyn Padin, U.S.D.J.

---

[15] Mr. Mott stated multiple times at the Hearing that he is unfamiliar with GAI.  Even if no one at his firm used GAI when drafting the MTD Opposition, the Court believes that as a practicing attorney managing a law firm, Mr. Mott ought to become familiar with GAI as it inexorably plays a larger role in lawyering.  Moreover, as Mr. Mott has noted on several occasions, Ms. Hiers submitted a brief in another action after using GAI while she was employed at his firm.  The Court is concerned that even though months have passed and despite these incidents, Mr. Mott has not taken the time to learn even the basics about GAI.

[16] The Court will permit Mr. Mott to select a course in attorney ethics of his choosing.